Cheryl **GRIFFIN**, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT**, Respondent.

No. 02–3177.

United States Court of Appeals, Federal Circuit.

Oct. 15, 2002.

**18**

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

The issue is whether the Merit Systems Protection Board ("Board") properly upheld the Office of Personnel Management ("OPM")'s refusal to waive repayment of double disability benefits that a government employee had improperly received. We *affirm*.

**I**

A government employee who retires for disability may receive disability benefits from two sources: (1) the Federal Employees' Retirement System disability retirement benefits ("Civil Service disability benefits") and (2) the Office of Workers' Compensation Programs ("Compensation benefits"). 5 U.S.C. §§ 8451, 8102, 8105–106 (2000). The employee, however, may not receive both types of benefits for the same period, and shall elect which benefits to receive. 5 U.S.C. § 8116(a), (b) (2000).

The appellant Cheryl Griffin retired from the United States Postal Service for disability. The Office of Workers' Compensation ("Compensation Office") informed her by letter that she should elect which type of benefit she would receive, and that Civil Service disability benefits and Compensation benefits "are not payable for the same period of time." The election form stated: "I understand that I am not entitled to receive FECA benefits and CSRS/FERS benefits concurrently [with an exception not applicable here]." Griffin chose Civil Service disability benefits, effective May 1, 2000.

Shortly after that election she received a lump sum interim payment for those benefits for the period between January and April 2000. During that period Griffin also received Compensation benefits. She received $8,290 in overpayments of Civil Service disability benefits, which consisted of (1) $6,283 for the period she was also receiving Compensation benefits (January to April 2000) and $2,007 for the period for which she elected to receive Civil Service disability benefits (after May 1, 2000).

Griffin stated that she telephoned both OPM and the Compensation Office and asked what to do with the double payment; and that someone at OPM told her to keep the money. Shortly thereafter, however, OPM demanded repayment from Griffin, who requested OPM to waive repayment because of financial hardship. After OPM denied a waiver and denied reconsidera-

tion, Griffin appealed OPM's action to the Board.

In her initial decision, which became final when the Board refused to review it, the Board's administrative judge modified OPM's decision and, as modified, affirmed it. The Board determined that Griffin was not entitled to a waiver of the $6,283 overpayment because, as explained below, she was obligated to set aside this amount for repayment; but it reduced the monthly repayment amounts OPM had ordered from $87.50 to $50.00. The Board waived the $2007 overpayment for the period after May 1 because Griffin did not know she was not entitled to this sum and thus, it was not an overpayment that Griffin was obligated to set aside for repayment. The Board found that recovery of this overpayment would cause "financial hardship" and would be "against equity and good conscience" because Griffin "has a negative monthly income/expense margin of $150 and ... she does not have substantial liquid assets."

## II

We must affirm the decision of the Board unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

OPM regulations provide: "[r]ecovery of an overpayment ... may be waived ... when (a) the annuitant is without fault and (b) recovery would be against equity and good conscience." 5 C.F.R. § 845.301 (2002). OPM policy guidelines require, however, that "[i]ndividuals who are aware that they are receiving overpayments are obligated by the principles of equity and good conscience to set aside the amount overpaid ... [t]hus, an individual who ac-

cepted a payment which he/she suspected or knew to be erroneous but who is found without fault ... is obligated to set the overpaid money aside pending recovery by OPM." OPM Policy Guidelines, § I.C.4 ("set-aside rule") (emphasis omitted). Absent "exceptional circumstances," such an annuitant is not entitled to a waiver. *Id.* Financial hardship does not ordinarily qualify as an "exceptional circumstance." *Id.*

We agree with the Board that whether Griffin should have set aside the $6,283 overpayment turns on whether she knew or suspected during "the period before or during the accrual of the overpayment" that she was required to return the money. *See Okonski v. Office of Personnel Mgmt.*, 63 M.S.P.R. 446, 453 (1994) (citation omitted). When Griffin received the overpayment she knew that she was not entitled to receive concurrently Civil Service disability benefits and Compensation benefits. The Worker's Compensation Office letter, which she received before she received the Civil Service disability benefits, so told her. She signed the election form that stated, "I understand that I am not entitled to receive FECA benefits and CSRS/FERS benefits concurrently." Indeed, Griffin admits she knew that she was not entitled to double disability benefits and she understood that the lump sum Civil Service interim retirement payment was for the period of time for which she was already receiving Compensation benefits. Further, as the Board noted, Griffin showed no exceptional circumstances entitling her to a waiver. Griffin was required to set aside the $6,283 Civil Service disability payment and was not entitled to a waiver of repayment.

"When it has been determined that the recipient of an overpayment is ineligible for waiver, the individual is nevertheless

entitled to an adjustment in the recovery schedule if he or she shows that it would cause him or her financial hardship to make payment at the rate scheduled." 5 C.F.R. § 845.301 (2002). The Board applied this standard when it reduced Griffin's monthly repayment from $87.50 to $50.00 because repayment at the higher amount would cause Griffin "financial hardship."